A. H. BRITAIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. A. H. BRITAIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27702, 27704.    Promulgated June 24, 1930.

*Harry C. Weeks, Esq.*, for the petitioners.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

Marquette: The petitioners deducted from their income-tax returns for the year 1921, as a loss, the amount of $28,030, representing the difference between the cost to them of certain bank stock and the price for which the said stock was sold by them during the year. This deduction was disallowed by the respondent, upon the ground that the petitioners had not sold the stock in good faith but had merely transferred it for the sole purpose of establishing a loss. The *bona fides* of that transaction is the only question presented.

The petitioners admittedly sold 240 shares of stock of the City National Bank for the purpose of deducting the loss from their 1921 income-tax returns. The price at which the stock was sold was its book value, and no question is raised on that score. The sale was made to a law partner of one of the petitioners, a man abundantly able to pay the promissory note which he gave for the stock. The shares were transferred on the books of the bank and a new certificate in the name of the purchaser was issued to him. He treated it as his own and used it as collateral security in securing a loan. The petitioners were not in any way restricted as to the use they might make of the purchase money note; they might hold it, or discount it, as they saw fit. There was no agreement or understanding between seller and buyer at the time of this sale, relating to any repurchase of the stock by the seller.

It also appears that at the same time the City National Bank stock was sold by the petitioners they acquired 117 shares of First National Bank stock by purchase from the man who bought their City National stock. A. H. Britain, one of the petitioners, gave his promissory note for the full purchase price. The stock was transferred to him on the books of the bank and new certificates were

**130**

issued to him. At the time of sale there was no agreement relating to any repurchase of the stock by the seller, nor any intention to repurchase it. Some nine months later, in September, 1922, a circumstance arose in connection with the transaction between Morgan and O'Donohue, which induced Britain and his partner to resell, each to the other, the stocks they had bought one from the other in December, 1921. This agreement was carried out and the respective purchase money notes were canceled. Therefore the respondent contends that the original sale was not bona fide.

We are unable to concur in this contention of the respondent. When the City National stock was sold by the petitioners, they definitely parted with both the legal and equitable ownership of the property, and the control of it passed from their hands. The purchaser of the stock became vested with the full title, together with dominion and control thereof. The transaction was complete. There were no conditions or reservations attached to it whereby the petitioners could compel a resale of the stock to them. The note given them in payment for the stock was collectible and they were free to sell it or utilize it in any manner they saw fit. We are satisfied that Britain's sale of City National stock to Morgan was made in good faith and that the loss thereby sustained is deductible from gross income for 1921.

However, the loss sustained by the petitioners was not the full amount claimed by them. Britain acquired 250 shares of City National Bank stock at an average cost of $227.32 per share. The ten shares which he did not sell, therefore, represented an investment of $2,273.20 upon which no loss is shown. The balance of his investment, $54,556.80, was the cost to him of the shares which he sold for $28,800. The difference between these latter two amounts is $25,756.80, and represents the loss sustained by the petitioners, which loss should be allowed them as a deduction.

Reviewed by the Board.

*Judgment will be rendered under Rule 50.*

LANSDON dissents.